Maxine Ward v. Board of Educ.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand fourteen.

PRESENT: JON O. NEWMAN,
DENNIS JACOBS,
JOSÉ A. CABRANES,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
MAXINE WARD, on behalf of her minor
daughter, A.W.,
          Plaintiff-Appellant,

          -v.-                                    13-2709

BOARD OF EDUCATION OF THE ENLARGED
CITY SCHOOL DISTRICT OF MIDDLETOWN,
NEW YORK,
          Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Mary Jo Whateley, Of Counsel,
                           Sussman & Watkins, Goshen, New
                           York.

1

**FOR APPELLEE:** James P. Drohan and Neelanjan Choudhury, Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Maxine Ward, on behalf of her child A.W., appeals from the June 12, 2013 judgment of the United States District Court for the Southern District of New York (Ramos, J.), granting summary judgment to Defendant-Appellee Board of Education of the Enlarged City School District of Middletown, New York (the "School District"), on Ward's claim for tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. The district court's decision affirmed the decision of the State Review Officer ("SRO"), which had reversed in part the decision of the Impartial Hearing Officer ("IHO").[1] Ward challenges the SRO's conclusions (affirmed by the district court) that: (1) the School District's 2009–2010 individualized education program ("IEP") provided A.W. a Free and Appropriate Public Education ("FAPE"); and (2) the school in which Ward unilaterally placed A.W., Franklin Academy (also "Franklin"), failed to provide specialized instruction tailored to A.W.'s unique educational needs.[2] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

---

[1] "[T]he IDEA mandates that states provide 'impartial due process hearings'" under which parties may pursue their claims. R.E. v. N.Y.C. Dep't of Educ., 694 F.3d 167, 175 (2d Cir. 2012) (quoting 20 U.S.C. § 1415(f)). In New York, parties first bring their claims before an IHO, who is subject to review by the SRO. Id. "Either party may then bring a civil action in state or federal court to review the SRO's decision." Id.

[2] The School District has not challenged the SRO's conclusion that the School District failed to provide a FAPE to A.W. for the 2010-2011 school year.

We review de novo a grant of summary judgment by the district court in an IDEA case. R.E. v. N.Y.C. Dep't of Educ., 694 F.3d 167, 184 (2d Cir. 2012). In doing so, we recognize that "the role of the federal courts in reviewing state educational decisions under the IDEA is circumscribed." Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 112 (2d Cir. 2007) (internal quotation marks and citation omitted). "Although the district court must engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence, . . . such review 'is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review.'" Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 191-92 (2d Cir. 2005) (internal quotation marks and citation omitted) (quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982)). "We must give 'due weight' to the state proceedings, mindful that we lack 'the specialized knowledge and experience necessary to resolve . . . questions of educational policy.'" R.E., 694 F.3d at 189 (quoting Gagliardo, 489 F.3d at 113). We "generally defer to the final decision of the state authorities, even where the reviewing authority disagrees with the hearing officer," M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 241, 246 (2d Cir. 2012) (internal quotation marks omitted), but, if the SRO's decision is "insufficiently reasoned to merit . . . deference," our Court may consider the IHO's analysis, id. at 246.

"If a state fails in its obligation to provide a free appropriate public education to a handicapped child, the parents may enroll the child in a private school and seek retroactive reimbursement for the cost of the private school from the state." Frank G. v. Bd. of Educ. of Hyde Park, 459 F.3d 356, 363 (2d Cir. 2006). To determine whether reimbursement is warranted, we must consider whether "(1) [] the IEP proposed by the school district [was] inappropriate; [and] (2) [whether] the private placement [was] appropriate to the child's needs[;]" and, if both are answered in the affirmative, (3) whether "equitable considerations" support an award of reimbursement. Id. at 363 (internal quotation marks omitted); see also Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 370 (1985).

Adequacy of IEP. To see if an IEP complies with the IDEA, courts examine "whether there were procedural violations of the IDEA," and "whether the IEP was

3

substantively adequate, namely, whether it was reasonably calculated to enable the child to receive educational benefits." R.E., 694 F.3d at 189-90 (internal quotation marks, alteration, and citations omitted). Here, Ward appears to present a procedural challenge only, arguing that the SRO erred by finding Devereux-Glenholme ("Glenholme") to be an appropriate placement for A.W. because the School District "was bound by the 4/26/10 IEP[,]" Appellant's Br. 15, which recommended home instruction pending placement in a New York State approved residential program. See also M.W. v. Bd. of Educ. of the Enlarged City Sch. Dist. of Middletown, No. 12-1476, 2013 U.S. Dist. LEXIS 82808, at *74 (S.D.N.Y. June 12, 2013) ("Plaintiff did not actually challenge the substance of the SRO's decision that Glenholme remained an appropriate placement for A.W. for the portion of the 2009-2010 school year that she attended Franklin[.]").

Ward's argument is based on an insufficiently narrow view of the record that fails to acknowledge the chronology of the events. When the Subcommittee on Special Education ("SCSE") convened for A.W.'s Annual Review for the 2009-2010 school year, the Committee recommended that the Student continue in her placement at Glenholme. Therefore, contrary to Ward's assertions and the IHO's decision, the School District did determine that Glenholme was an appropriate placement for A.W. for the 2009-2010 school year, and there is no indication that the School District changed its recommendation prior to Ward's decision to unilaterally withdraw A.W. from Glenholme on March 29, 2010. As the district court pointed out, that unilateral decision, which Ward conveyed at the April 26, 2010 meeting, "is why the [S]CSE made a recommendation of home instruction pending placement in a New York State approved residential program, rather than futilely re-recommending continued placement at Glenholme notwithstanding the reality of the circumstances with which the [S]CSE was confronted on April 26, 2010." M.W. v. Bd. of Educ. of the Enlarged City Sch. Dist. of Middletown, 2013 U.S. Dist. LEXIS 82808, *73 (S.D.N.Y. June 12, 2013). Accordingly, neither the SRO nor the district court erred in determining that Glenholme was an appropriate placement for A.W.

The SRO conducted the mandated review of the record that was before the IHO and clearly explained the bases for his conclusions. We therefore defer to its decision rather than that of the IHO. See M.H., 685 F.3d at 246. In

4

finding that Glenholme was an appropriate placement for A.W., the SRO observed, inter alia, that the services provided by Glenholme were consistent with the recommendations of the private evaluator who assessed A.W. in January 2010, and that Glenholme's specialized curriculum had enabled A.W. to achieve academic success and improve her behavior. Nor was Glenholme too restrictive for A.W.: it was designed to prepare her for further education, employment and personal independence, but was responsive to the fact that A.W. was still at the beginning of the self-dependent process and continued to exhibit behaviors of concern. These findings are well-supported by the record. The district court, in relying on those findings, did not apply an incorrect legal standard. Rather, it properly gave due weight to the opinion of the SRO.

Appropriateness of Franklin Academy. "Parents who seek reimbursement bear the burden of demonstrating that their private placement was appropriate, even if the IEP was inappropriate." Gagliardo, 489 F.3d at 112. Although "a child's progress is relevant to the court's review[,] . . . such progress does not itself demonstrate that a private placement was appropriate." Id. at 115. Rather, "[a] unilateral private placement is only appropriate if it provides education instruction specifically designed to meet the unique needs of a handicapped child." Id. (internal quotation marks omitted, emphasis in original).

Nonetheless, Ward argues that the SRO "ignored the factual findings of the IHO . . . and, instead, based his decision to reverse the IHO's [] decision primarily upon his judgment of the efficacy of the Franklin program." Appellant's Br. 19. However, Ward does not identify a single factual finding of the IHO that the SRO ignored, and we are aware of none. Ward also faults the SRO for failing to seek additional evidence upon finding that the record could not support a finding that A.W. progressed at Franklin Academy. Appellant's Br. 17 (citing 34 C.F.R. § 300.514). The burden of proof on this issue, however, rested on Ward. Moreover, Ward does not even suggest what other evidence the SRO should have sought.

Again, the SRO conducted a thorough review of the entire record that was before the IHO and clearly explained the bases for his conclusion that Franklin Academy was not an appropriate placement for A.W. As to A.W.'s needs in math, the SRO observed that Franklin had not tried to

implement any new strategies to help her cope with her math deficiencies when prior ones failed, that A.W. performed worse in Franklin's less demanding consumer math class than in a more challenging math class at Glenholme during the prior school year, and that Franklin moved A.W. to a lower level math class rather than provide her with special instruction. As to A.W's behavioral deficits, the SRO observed that Franklin Academy failed to set goals for A.W. and that A.W.'s lack of emotional regulation negatively affected her academic performance as well as her interactions with others.

The SRO's finding that Franklin Academy was not an appropriate placement for A.W., which is well-reasoned, logical, and supported by the hearing record, merits deference. See M.H., 685 F.3d at 244-46. Indeed, Joule Bazemore, the learning specialist at Franklin, expressly conceded: "[w]e don't do behavior plans, that's not what we do here." Tr. 407. Having reviewed the record, we conclude that the preponderance of the evidence supports the SRO's determination that Franklin Academy was not an appropriate placement for A.W.

Giving appropriate deference to the SRO, we conclude that the School District provided a FAPE to A.W. and that Ward's unilateral placement, Franklin Academy, was inappropriate in light of A.W.'s unique needs. Accordingly, Ward is not entitled to reimbursement.

We have considered all of Ward's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6